## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KAZI RAHMAN,

               Petitioner,

v.

MARTIN O'MALLEY, *Acting Commissioner of Social Security*[1]

               Respondent.

Civil No. 3:16-cv-02095-OAW

Date: May 22, 2024

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
### UNDER THE EQUAL ACCESS TO JUSTICE ACT

Before this Court is Petitioner's Second Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Petitioner Kazi Rahman ("Petitioner") appealed the denial of his application for social security benefits on December 19, 2016.  The case was remanded by the Commissioner's consent after new authority from the Supreme Court of the United States dictated such a result.  Thereafter, Petitioner moved for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and the Social Security Act, 42 U.S.C. § 406(b).  Petitioner ultimately withdrew the § 406(b) fee request.  For the reasons that follow, the Court **GRANTS** Petitioner's request for attorney's fees under the EAJA but modifies the request to award $14,275.45 in attorneys' fees and costs.

---

[1] Carolyn W. Colvin is no longer the Acting Commissioner of Social Security.  Martin O'Malley is the current Commissioner who is automatically substituted as the official-capacity party.  *See* Fed. R. Civ. P. 25(d).

## I.    BACKGROUND

This case has an unusual procedural history.  Petitioner filed a claim for Social Security Disability under Title II and Supplemental Security Income under Title XVI of the Social Security Act, due to pain in his knee, back, and shoulder.  *See* Compl. (ECF No. 1) at p. 1 ¶ 3; Mot. J. Pleadings (ECF No. 18) at 2.  The administrative law judge denied Petitioner's claim, and Petitioner appealed the denial on December 19, 2016.  *See generally* Compl.  On June 8, 2017, Petitioner's counsel filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Motion"), seeking an order reversing and remanding the case for payment of benefits or, in the alternative, an order remanding for an additional hearing.  *See* Mot. J. Pleadings.  After the motion was fully briefed, Petitioner's counsel alerted the Court to new authority, *Lucia v. SEC*, 585 U.S. 237, 241, 251–52 (2018), which held that Security Exchange Commission administrative law judges with authority to preside over enforcement actions must be properly appointed pursuant to the United States Constitution's Appointments Clause; where an administrative law judge's appointment violates the Appointments Clause, the case must be remanded for a new hearing with a different judge.  *See* Notice (ECF No. 24).  Defense counsel ultimately consented to remand the case for a new hearing pursuant to 42 U.S.C. § 405(g).  *See* Notice of Consent (ECF No. 41).  The Court granted the request to remand and judgment was entered in Petitioner's favor on June 28, 2019.  *See* Order (ECF No. 42); J. (ECF No. 43).

On August 28, 2019, Petitioner's counsel filed a Motion for Attorney's Fees under the Equal Access to Justice Act, 42 U.S.C. § 2412, seeking $13,227.52 in attorney's fees and $23.34 in costs.  *See* First Mot. EAJA Fees (ECF No. 44) at 1.  Defense counsel opposed this motion.  *See* Opp'n (ECF No. 45).  A month later, Petitioner's counsel filed a Motion for Attorney's Fees under

42 U.S.C. § 406(b), seeking 25% of the past-due benefits: $27,624.56.  *See* Mot. 406(b) Fees (ECF No. 50).  Defense counsel also opposed this motion.  *See* Opp'n (ECF No. 52).

On September 23, 2021, Petitioner informed the Court that the Social Security Administration authorized counsel to charge and collect a fee in the amount of $27,384.25.  *See* Notice re 406(b) Fees (ECF No. 58).  On November 1, 2021, Petitioner's counsel withdrew the Motion for Attorney's Fees under § 406(b) on the grounds that the Commissioner had already paid the § 406(b) fee.  *See* Mot. Withdraw (ECF No. 60).  Counsel specifically stated, "Plaintiff's EAJA application, which was filed August 28, 2019, is still pending."  *Id.*

The next day, the Court issued an order withdrawing both of Petitioner's motions for attorney's fees: one under § 406(b), as Petitioner requested; and one under the EAJA, which Petitioner did not request.  *See* Order (ECF No. 61).  Petitioner's counsel filed another notice specifically stating Petitioner did not intend to withdraw the EAJA fees motion.  *See* Notice (ECF No. 62).  On December 28, 2023, the Court issued an order indicating that Petitioner's counsel contacted chambers requesting a ruling on the pending EAJA fees motion; the Court had not been alerted by the CMECF system of the EAJA motion, which Petitioner had intended to remain pending but had been deemed withdrawn; and, the Court required additional briefing.  *See* Order (ECF No. 64).

Petitioner's counsel subsequently filed a Second Motion for Attorney's Fees under the EAJA, which is now fully briefed.  *See* Second Mot. EAJA Fees (ECF No. 66); Opp'n (ECF No. 71).  This motion was referred to me.

II.   **LEGAL STANDARD**

When an applicant for social security benefits successfully brings an appeal before the court, they may collect attorney's fees under two different statutory schemes.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002).

The first scheme is authorized under the Social Security Act itself.  Section 406(b) of Title 42 of the United States Code states that "[w]henever a court renders a judgment favorable to a claimant" represented by an attorney, the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…."  42 U.S.C. § 406(b)(1)(A).  In other words, a court may award the claimant reasonable attorneys' fees—whether set at an hourly rate or on contingency, *see Gisbrecht*, 535 U.S. at 800, 808–09—for work related to representation in court, and such fees will be paid from the past-due benefits award, so long as the fees are 25% or less of the past-due benefits.  *See Culbertson v. Berryhill*, 586 U.S. 53, 139 S. Ct. 517, 522 (2019).

The second scheme is authorized under the EAJA, 28 U.S.C. § 2412, a statute that applies to civil cases against the United States or its agencies.  Under § 2412, a court may award a "prevailing party" the "reasonable fees and expenses of attorneys" calculated as "the actual time expended and the rate at which fees and other expenses were computed," so long as the United States' position was not "substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(b), (d)(1)(A), (B).  For social security cases, an EAJA award operates as an offset to § 406(b) fees insofar as the claimant's past-due benefits can be increased by the EAJA award "up to the point the claimant receives 100 percent of the past-due benefits."  *Gisbrecht*, 535 U.S. at 796.

4

## III.   DISCUSSION

The Commissioner has already paid Petitioner $27,384.25 in attorney's fees pursuant to §

406(b).  In ruling on the presently pending motion for EAJA fees, the Court is essentially tasked

with deciding Petitioner's offset, i.e., the amount of past-due benefits that will be refunded into

Petitioner's pocket.  *See id.* (stating the EAJA "effectively increases the portion of past-due

benefits the successful Social Security claimant may pocket").

Petitioner seeks $15,042.70 in attorney's fees and $23.34 in costs for work performed  from

December 2016 through 2019.  Specifically, Petitioner's counsel and paralegal expended 75.43

hours of work at various attorney billing rates equivalent to the standard $125 hourly rate (with a

cost of living adjustment) and paralegal hourly rate of $115.  *See* Pl.'s Mot. EAJA Fees Mem.

(ECF No. 44-1) at 6.  In opposing this motion, Respondent asserts one argument: the fee request

is unreasonable because the number of hours spent were excessive.  Respondent appears to

concede that the billing rates for Petitioner's counsel and paralegal are reasonable.  Because

Respondent's counsel does not argue the Commissioner was "substantially justified," that "special

circumstances" applied, or that the hourly rates were unreasonable, the Court will only focus on

the reasonableness of the requested hours worked.

"Any fee award under the EAJA must be reasonable."  *Maerkel v. Comm'r of Soc. Sec.*,

No. 3:17-cv-00170 (JAM), 2020 WL 57526 (D. Conn. Jan. 6, 2020) (citing *Hensley v. Eckerhart*,

461 U.S. 424, 433–34 (1983)).  Reasonableness is calculated by "the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.

Counsel seeking fees "should make a good faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary…."  *Id.*  "Relevant factors to weigh include the

size of the administrative record, the complexity of the factual and legal issues involved, counsel's

experience, and whether counsel represented the claimant during the administrative proceedings." *Rodriguez v. Astrue*, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009).

Describing the fees as "routine," Respondent argues Petitioner's counsel hours are unreasonable for four reasons. First, Petitioner's counsel spent an excessive number of hours drafting the Motion for Judgment on the Pleadings and Reply briefs. *See* Def.'s Opp'n (ECF No. 45) at 7–13. Second, the hours spent litigating new authority was excessive in light of the numerous hours already spent on the substantive legal arguments. *See id.* at 13–14. Third, Petitioner's counsel spent too much time drafting the EAJA petition given the motion contains "largely boilerplate language." *Id.* at 14–15. Fourth, Petitioner's counsel inappropriately billed for work related to the § 406(b) motion. *See* Def.'s Renewed Opp'n (ECF No. 71) at 5. Setting these filings aside, Respondent does not oppose the hours spent on other legal tasks.

The Court has assessed the hours spent litigating this case and makes the following findings, which are applicable to all of the filings at issue:

<u>First</u>, the length of the record (788 pages) does not, standing alone, establish a limit to the number of hours that may be billed. For more than a decade, it has been a guiding principle that a routine social security case may take 20 to 40 hours on average. *See Arlene P. v. Saul*, No. 3:21-cv-895 (SRU), 2023 WL 3073507, at *2 (D. Conn. Apr. 25, 2023) (citing *Poulin v. Astrue*, No. 3:10 CV 1930(JBA), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (collecting cases)). However, an "average" does not set a "hard cap" on the hours that may be billed—rather, it "indicates that some cases may require less hours and some cases may require more hours." *Bathrick v. Astrue*, No. 3:11–CV–00101–VLB, 2015 WL 3870268, at *4 (D. Conn. June 23, 2015). "Notably, the case law finding that twenty to forty hours represents an average necessary

investment of time pre-dates the adoption in this District of a new practice requiring the plaintiff to provide a detailed medical chronology, with citations to the record, in the motion for remand." *Dupuy v. Colvin*, 3:14CV01430 (SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015). While it may be true that an average social security case requires 20 to 40 hours of legal work, it may also be the case that the average has changed over time. As such,  it is this Court's view that each case merits its own case-by-case assessment of reasonableness.  *See Hensley*, 461 U.S. at 436–37 ("[T]he district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."); *Bathrick*, 2015 WL 3870268, at *4 ("The Court is charged with awarding reasonable attorney fees, which requires a case-by-case analysis, understanding the order of magnitude implicit in the average number of hours.").

Second, this case involved complex legal and factual issues insofar as Petitioner's counsel raised more than the average number of issues in the Motion for Judgment on the Pleadings; appropriately cited to legal authority and the record in the briefing; and then supplemented the record no less than three times with new authority, which ultimately resulted in a remand. *Rodriguez*, 2009 WL 6319262, at *3.

Third, Russell Zimberlin did the vast majority of the legal work, and he passed the bar only one year before this case commenced.  It is reasonable that he would be less efficient than his supervisor Winona Zimberlin—counsel with more than 30 years of experience—and that she would edit and review his work.  *See id.*

Fourth, the Court takes into consideration that counsel represented Petitioner during the agency proceedings and therefore was familiar with the case.  *See id.*

For these reasons, the Court finds that counsel was reasonable in working more-than "average" hours, especially with respect to briefing the substantive motions, notices of new authority, and the attorneys' fees issues.

### A. <u>Motion for Judgment as a Matter of Law and Reply</u>

Respondent argues that Petitioner unreasonably spent 46.27 hours on the Motion and 10.0 hours on the Reply. *See* Opp'n at 7. Because Respondent did not detail how it arrived at these numbers, the Court will presume all hours leading up to the filing of the Reply relate to this issue.

Having scrutinized the attorney ledger, the Court finds the vast majority of the hours spent on the Motion and the Reply are reasonable. "The purpose of the EAJA is to ensure [ ] the thorough and professional representation of counsel." *Bathrick*, 2015 WL 3870268, at *9. Contrary to Respondent's position, the attorneys' work is not duplicative, because the ledger indicates the attorneys collaborated but did not perform the same exact work. Nor will this Court second-guess the hours counsel spent compiling legal work Respondent argues is previously-used boilerplate. From this Court's comparison of the Motion to Respondent's Exhibit A, (ECF No. 45-1), the hours spent are commensurate with the amount of time it would take to utilize legal analyses efficiently and effectively from multiple cases to construct a cohesive argument in the instant case. *C.f. Dupuy*, 2015 WL 5304181, at *2 (where an unreasonable number of hours were spent, reducing hours "for drafting the legal arguments in the brief **by 2.0 hours of attorney time**, to account for apparent efficiencies relating to the use of research and writing from prior motions") (emphasis in original). Should counsel be forced to start analysis from scratch in every matter, legal fees would undoubtedly be exorbitantly higher. The Court is satisfied that Petitioner's counsel diligently and effectively represented their client, leaving no stone unturned.

That being said, the Court will not reduce with one exception: the number of hours spent editing and revising the brief which it views as excessive.  The Court appreciates additional hours may be required for a relatively inexperienced attorney to revise and edit his work before sending it to a supervisor.  However, the hours listed are simply too much.  Taking into consideration all relevant factors referenced above, this Court concludes a 25% reduction for the hours Attorney Russell Zimberlin spent revising the Motion and Reply is sufficient.  *See Maerkel*, 2020 WL 57526, at *3 ("Courts in this circuit have reduced fee awards by roughly 25% to 40% when they have found billing for an excessive number of hours in social security cases.").  The Court breaks down these hours as follows:

| DATE | SERVICES | TIME | REDUCED TIME |
|------|----------|------|--------------|
| 5/11/2017 | Proof Read Medical Chronology re: OGC stip | 1.80 | 1.35 |
| 5/17/2017 | Review brief re: proofread | 2.50 | 1.88 |
| 5/18/2017 | Draft Brief: Proof read | 2.50 | 1.88 |
| 5/18/2017 | Draft Brief: Edit argument re: Treating Physician Dr. Goldberg | 1.00 | .75 |
| 5/19/2017 | Draft brief re: cite check/ grammar | 2.00 | 1.50 |
| 6/7/2017 | Edit Brief pg 1-28, add to arguments | 1.75 | 1.31 |
| 6/8/2017 | Edit brief p. 29 - 40 and Med Chronology | 2.10 | 1.58 |
| 9/26/2017 | Draft reply brief re: Spelling / Grammar/ Cite Check | 1.30 | .98 |
| 9/28/2017 | Draft brief: Final Spell Check and edit reply brief | 0.50 | .38 |
| | **Total** | **15.45** | **11.59** |

With respect to Attorney Winona Zimberlin, the Court finds that the amount of time she spent revising and editing is reasonable.

### B. **New Authority**

Respondent argues that Petitioner's counsel spent an excessive number of hours—collectively 1.5 hours—litigating new authority.  The Court appreciates that the two notices of new authority, *see* Notices (ECF Nos. 24 (*Lucia*) & 35 (*Muhammad*)), are identical to ones filed in another matter, but this Court will not second-guess how Petitioner's counsel decided to bill (or, for example, split billing) for the drafting process.  Because the amount of time billed for "drafting" these notices are relatively scant (0.2 and 0.3 hours each), the Court finds the hours are not excessive.  This is especially true because this aspect of the litigation likely tipped the scale in favor of remand <u>on consent</u>.  Accordingly, Petitioner's counsel is entitled to the full amount of hours billed on this topic.

### C. **Motion for EAJA Fees and Reply**

Next, Respondent argues that Petitioner's counsel unreasonably billed 3.7 hours on the EAJA motion and 7.2 hours on the EAJA Reply.  *See* Opp'n at 14–15; Renewed Opp'n at 4–5.  Respondent points the Court to *Maerkel*, in which the court awarded counsel two hours of work on the EAJA application and reduced the fee request related to the reply from 6.05 to two hours.  *See* 2020 WL 57526, at *3.  However, the Court is aware of at least one other case in which counsel was paid for all hours related to the EAJA fee application.  *See Bathrick*, 2015 WL 3870268, at *9 ("[T]he Court will not reduce the hours counsel billed based on the first fee application, as the vast majority of those hours were spent responding to the Commissioner's objections, and, as noted above, it would be inequitable to require Bathrick to leave those arguments unanswered.").  This case is unique insofar as the complicated procedural history required Petitioner's counsel to brief and re-brief several issues related to fees.  This Court exercises its discretion and will not reduce hours billed concerning fees.

**D. Work on § 406(b) Petition**

Finally, Respondent argues Petitioner's counsel should not be compensated for 1.55 hours of work related to the § 406(b) motion.  Here, Petitioner's counsel requested an extension of time to file a motion for § 406(b) fees on the grounds that a pending agency decision could obviate the need to brief § 406(b) fees at all, but the court denied the request.  *See* Order (ECF No. 49). Because such briefing concerns matters before the court, *see* 28 U.S.C. § 2412(b), and Petitioner's counsel was obligated to incur these expenses (including hours spent on research and correspondence), the Court finds these hours should be compensated.   For the same reasons related to hours billed for EAJA fees motion practice, this Court does not reduce the hours related to the § 406(b) fee motion practice.

## IV.   CONCLUSION

For the above reasons, the Court awards Petitioner $23.34 in costs and $14,252.11 in legal fees.  The Court multiplies the reasonable hours by the reasonable hourly rates agreed-to by the parties:

| Year | Rate | Number of Hours | Fee |
|:---:|:---:|:---:|:---:|
| 2016 | $196.26 | 1.10 (WWZ) | $215.89 |
| 2017 | $198.77 | 45.11 (RDZ)[2] <br> 8.30 (WWZ) | $10,616.31 |
| 2018 | $203.58 | 1.40 (RDZ) <br> 0.10 (WWZ) | $305.37 |
| 2019 | $204.78 | 5.30 (RDZ) <br> 9.46 (WWZ) | $3,022.55 |
|  |  | **Total** | **$14,160.11** |

---

[2] This number is calculated as: 48.97 – 3.8625 = 45.11.  *See* Second Mot. EAJA Fees at 3.

The Court adds the paralegal's fee of $92 (0.8 hours of work at a rate of $115) as well as $23.34 in costs to arrive at the total EAJA fee: $14,275.45.  In awarding these EAJA fees to counsel, this amount must be refunded to Petitioner to off-set the § 406(b) award.

  This is not a recommended ruling.  Because the case was voluntarily remanded for further proceedings, this is a non-dispositive motion subject to the "clearly erroneous" standard.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Mag. J. R. 72.1(C).  Accordingly, this is an order of the Court unless reversed or modified by the district judge after timely motion is filed.

_____*/s/ Maria E. Garcia*_____
Hon. Maria E. Garcia
United States Magistrate Judge

Date: May 22, 2024